UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IVAN PARAMANANDAM,          )
          )
      Plaintiff,       )
          )
      v.        )     No. 2:25-cv-00567-JRS-MJD
          )
NEXSTAR MEDIA INC.,          )
TIMOTHY SANDERS,          )
          )
      Defendants.     )

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

Defendants Timothy Sanders and Nextstar Media, Inc. have filed a motion to compel Plaintiff to authorize the release of his medical and psychotherapy records and to provide complete answers to their interrogatories.  [Dkt. 43.]  For the reasons explained below, the motion is **GRANTED**.

### I. Background

Plaintiff Ivan Paramanandam is suing his former employer for unlawful discrimination on the basis of race, sex, and retaliation.  [Dkt. 1-1.]  He also brings state claims for promissory estoppel and defamation.  *Id.*

Plaintiff was asked during his deposition about the nature of the emotional distress he alleges was caused by Defendants.  [Dkt. 43-2 at 4.]  He answered, "Questioning what I do, questioning how I perceive people, motivation.  How do people—are they being truthful in their actions with me?  I was trusting, naively trusting before, but I see from Sanders's actions that not everybody is going to be honest."  *Id.*  He also testified that he started drinking two to four ounces of rum two to three nights a week after he was terminated and that he lacks confidence

because he can no longer provide for his family financially. *Id.* He has not received a mental health diagnosis, nor has he received treatment for his emotional distress. *Id.*

Plaintiff was asked by his own attorney on cross examination whether there was a connection between his emotional distress and his chronic medical conditions, which include type 2 diabetes, rheumatoid arthritis, fading vision with retinal detachment, and cardiovascular issues that manifested in a heart attack in 2022. *Id.* at 4-5, 7. He answered, "I'm not a medical doctor, but I have to say mind, body, spirit, there is a tie-in." *Id.* at 7.

Prior to this deposition, Plaintiff had objected to answering certain interrogatories or producing his medical records on the grounds that he was only claiming "garden variety" emotional distress damages. After Plaintiff testified at his deposition that there was a "tie-in" between his emotional distress and his chronic medical conditions, Defendants requested supplemental discovery responses. Plaintiff maintains objections to these discovery requests despite his deposition testimony.

The relevant discovery requests and responses are as follows:

**Interrogatory No. 6**: State with particularity the nature and amount of all damages you are seeking because of the allegations asserted in your Complaint or in your answers to these Interrogatories, including any claim for compensatory damages— itemized in terms of lost wages and/or back pay, benefits, front pay, and interest, and emotional distress—punitive damages, costs, attorney's fees, and for all other relief. Please explain how you calculated your damages.

> **Answer**: Objection. The amount of compensatory damages are undeterminable in part because emotional distress damages continue to accrue day by day. Plaintiff seeks compensatory damages that the jury determines is fair and just at trial. Plaintiff cannot calculate backpay, benefits, front pay, and or interest at this time because such damages continue to accrue. Plaintiff relies on the Court to determine special damages upon a finding of Defendants' liability at trial.

**Interrogatory No. 9**: Have you sought or received treatment for the "emotional distress and humiliation" that you contend to have suffered as a result of Defendants' alleged unlawful conduct? If so, identify all medical providers

2

(including but not limited to, physicians, surgeons, hospitals, emergency rooms, nurses, psychiatrists, psychologists, counselors, therapists, marriage counselors, drug treatment centers, social or welfare workers, chiropractors, laboratories, diagnostic or testing facilities, or other medical professionals) who you have seen or consulted and identify any resulting diagnosis, if any. For each, please execute a copy of the Authorization for Disclosure of Protected Health Information (Not Including Psychotherapy Notes) and Authorization for Disclosure of Protected Health Information (Psychotherapy Notes Only).

**Answer**: Plaintiff declines to Answer this Interrogatory because it exceeds the Fed.R.Civ.P Rule 33 permissible number of 25 Interrogatories.

**Supplemental Answer**:  Plaintiff objects to this interrogatory as overly broad since no time period is specified for the requested documents and is overly broad for "emotional distress" records (i.e. chiropractors, laboratories, etc.). It is also unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence since Plaintiff has not indicated that physical or mental health conditions have impaired his ability to work. Discovery must be proportional to the case and relevant to the claims and defenses at issue. Plaintiff's health records exceed the scope of relevant discovery and violate his privacy. Without waiving the foregoing objections, Plaintiff states that he has not sought or received treatment for the emotional distress and humiliation that he suffered as a result of Defendants' alleged unlawful conduct.

**Request for Production No. 4**:  Please produce completed and signed copies of the enclosed authorizations for (1) release of medical records (not including psychiatric records), (2) release of mental health records,1 (3) release of unemployment records, (4) release of employment records, (5) release of Social Security Administration records,2 and (6) release of Internal Revenue Service ("IRS") records.

**Response**: Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff notes that there is no time period specified for which the requests and they represent a fishing expedition that falls outside the bounds permissible by Fed. R. Civ. P. 26. Plaintiff has not indicated that physical or mental health conditions have impaired his ability to work. Nor has he requested SSA benefits. Defendants would have access to his income for the last 10 years, as well as any claims for unemployment benefits. As such, the request is not calculated to lead to the discovery of relevant evidence. Discovery must be proportional to the case and relevant to the claims and defenses at issue. Plaintiff's health records exceed the scope of relevant discovery and violate his privacy. Without waiving the foregoing objections Plaintiff responds: Offer letter from Joink produced in RFP 16.

> **Supplemental Response**: Plaintiff confirms that he has not received SSA or IDWD benefits since June 5, 2024 and maintains his objection to the release of medical and mental health records.
>
> **Request for Production No. 7**: All documents that state, reflect, or relate to the amounts and/or the sources of any damages you allege you have incurred based on the allegations in your Complaint, including documents supporting your method of calculation for your alleged damages.
>
> > **Response**: Plaintiff objects to this request to the extent that it is premature and calls for a legal conclusion. Plaintiff further objects because this request seeks attorney work product to the extent it seeks documents supporting Plaintiff Counsel's method of calculation for alleged damages.

[Dkt. 43-1 at 3-6, 10-15.]

Defendants have moved to compel complete responses to these discovery requests based on Plaintiff's deposition testimony that there is a "tie-in" between his chronic medical conditions and the emotional distress caused by Defendants. [Dkt. 43.] The motion is fully briefed and ripe for the Court's review.

## II. Legal Standard

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. Mar. 4, 2019).

### III. Discussion

Plaintiff argues that Defendants' motion to compel should be denied because their discovery requests relate solely to damages, rather than liability, and Defendants anticipate moving for summary judgment on the issue of liability.  Thus, according to Plaintiff, permitting damages discovery at this time will unfairly drive up the cost of litigation.  He also argues that Defendants' discovery requests exceed the scope of this case because he is only seeking "garden variety" emotional distress damages; that his medical and mental health records are privileged; that the requests are not proportional to the needs of the case; and that a motion to compel "is <u>not</u> the proper vehicle for resolving disputes about the scope or extent of discovery that has already been substantially addressed."  [Dkt. 46 (emphasis in original).]  The Court will address each of these arguments in turn.

### A.  Sequencing Discovery

The parties are not required to delay damages discovery until issues of liability are resolved, as Plaintiff argues in his response brief.  [Dkt. 46.]  The case management plan does not impose such a requirement, nor do the Federal Rules of Civil Procedure or this District's Local Rules.  [Dkt. 15.]  To the contrary, Rule 26(d)(3) states, "[u]nless the parties stipulate or the court orders otherwise . . . methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").[1]

---

[1] *See also* STEVEN S. GENSLER, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY § 26:139 (June 2026)  ("Parties sometimes spar over the sequence of particular discovery events, such as whether one person should be deposed before another or whether a person should be deposed before the production of documents that might influence their testimony.  Courts have broad discretionary authority to enter orders of that nature.  In general, though, courts are reluctant to manage the sequence of discovery events at such a granular level unless a party provides a compelling reason for it.")

Further, there is often good reason to conduct damages discovery early in a case because it helps the parties assess the value of the plaintiff's claims and facilitates the early resolution of the dispute, thereby promoting "the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1. Delaying damages discovery until issues of liability have already been decided would impede early resolution of cases that should be amenable to settlement. It may also require duplicative depositions of witnesses who have information related to both liability and damages. And it would delay trial, because the parties would need to wait until a motion for summary judgment is denied to even begin the process of conducting damages discovery.

There are cases where bifurcation of liability and damages discovery may be appropriate, but this case is not one of them, and in any event, Plaintiff did not seek bifurcation when he submitted the proposed case management plan. [Dkt. 12.] Indeed, the case management plan requires "[a]ny party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable," *id.* at 4, but even now Plaintiff has not formally moved to bifurcate liability and damages discovery, and his belated attempt to do so in a response to a motion to compel is not well-taken.

In any event, Defendants' anticipated motion for summary judgment is unlikely to be ruled on prior to the deadline to complete damages discovery. The dispositive motion deadline is currently October 9, 2026. [Dkt. 15 at 6.] Even if the parties do not receive any extensions of the briefing deadlines, Defendants' anticipated motion for summary judgment will not be fully briefed until December 4, 2026. *See* S.D. Ind. Local R. 56-1. The deadline to complete damages discovery is February 12, 2027, which means that discovery requests must be served no later than January 13, 2027. [Dkt. 15 at 5 n. 3.] Given the high volume of litigation in this district, Defendant's anticipated motion for summary judgment may well remain pending at that time.

Were the Court to grant Plaintiff's request that, moving forward, damages discovery not proceed until after a summary judgment motion is ruled on, then Defendants would either miss their chance to conduct damages discovery altogether, or more likely, the deadline to conduct "all other discovery" would need to be extended. Such an extension would delay the proceedings and frustrate Rule 1's mandate to ensure "the just, *speedy*, and inexpensive determination" of the lawsuit. Fed. R. Civ. P. 1. (emphasis added). For these reasons, the Court finds Plaintiff's sequencing arguments unpersuasive.

### B. Emotional Distress and Privilege

The doctor-patient and psychotherapist-patient privileges are well-established. *See*, *e.g.*, *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). But they are not absolute. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Id.* The question before the Court is whether Plaintiff has placed his psychological state at issue such that Defendants may obtain records that would otherwise be privileged.

Courts have developed different approaches for determining whether a plaintiff has waived doctor-patient privilege or psychotherapist-patient privilege by placing his emotional distress at issue. *See Flowers v. Owens*, 274 F.R.D. 218 (N.D. Ill. 2011) (collecting cases). A minority of courts have found waiver whenever emotional distress damages of any kind are sought. *Id.* at 223-24. The more common approach, however, is to find waiver only when the plaintiff claims "severe" emotional distress, such as when a plaintiff claims to have a psychiatric diagnosis, or when he testifies about symptoms that mirror a psychiatric condition regardless of whether he has received a diagnosis or undergone treatment. *Id.* at 224. Under the second approach, "garden variety" emotional distress, which is akin to "the distress that any healthy,

7

well-adjusted person would likely feel as a result of being so victimized," or the "generalized insult, hurt feelings, and lingering resentment that does not involve a significant disruption of the plaintiff's work life and rarely involves more than a temporary disruption of the claimant's personal life," does not generally entitle defendants to obtain the plaintiff's medical or psychotherapy records through discovery. *Id.* at 225 (quoting *Kunstler v. City of New York*, 2006 WL 2516625 at *9 (S.D.N.Y. Aug. 29, 2006)*; *Ortiz v. Potter*, 2010 WL 796960, at *3 (E.D. Cal. March 5, 2010)). Instead, defendants may attack a plaintiff's claims about his everyday negative emotions through cross examination without resort to privileged medical or psychotherapy records. *Flowers*, 274 F.R.D. at 226.

In this case, Plaintiff testified at his deposition that there is a "tie-in" between his emotional distress and his chronic medical conditions. This was not an off-hand comment or a situation where a litigant was confused and unwittingly opened the door to a topic he did not mean to raise. His own counsel led him to this testimony on cross examination. [Dkt. 43-2 at 7.] Presumably, Plaintiff will testify about this "tie-in" at trial. It would be fundamentally unfair to allow him to do so, and thus seek damages for the exacerbation of his chronic medical conditions, without permitting Defendants to examine his medical records and investigate his claims.

Plaintiff protests that he should have a "choice" between claiming that his emotional distress exacerbated his chronic medical conditions or claiming a privilege over his medical and psychotherapy records. At his deposition, Plaintiff chose the former. No one forced him to testify about the "tie-in" between his chronic medical conditions and his emotional distress. He volunteered that assertion in response to questions by his own attorney. He must now answer

interrogatories and sign releases for medical or psychotherapy records that go to the heart of that assertion.

### C. Proportionality

Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at \*4 (S.D. Ind. Jan. 30, 2020) (citing *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018)).

The proportionality factors weigh in favor of Defendants. The amount in controversy in this case is significant, as Plaintiff asserts that his damages amount to hundreds of thousands of dollars. Plaintiff argues he should be able to shield his medical records because one of the Defendants is a company with vast assets and he is an individual who lacks substantial income, but he has not shown that merely signing a release for his medical records, as Defendants request, will cause him significant financial hardship. Even if complying with this discovery request does require some expense on his part, that expense is justified given the alleged severity of his chronic medical conditions and the potential damages that might flow from them. To be sure, Plaintiff will suffer some intrusion into his privacy by releasing his medical and psychotherapy records, but as explained *supra*, he placed his medical history at issue in this case by testifying that there is a "tie-in" between his emotional distress and his chronic medical conditions.

Plaintiff argues cryptically that "[o]nce released, medical and mental health records may be used in ways that extend beyond the legitimate scope of this litigation."  [Dkt. 46 at 18.] Plaintiff does not elaborate on what he means by that statement.  The stipulated protective order issued in this case prevents Defendants from using confidential information in such a manner, and it requires them "to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained."  [Dkt. 25 at 4.]  Plaintiff does not point to any evidence that suggests Defendants will violate the stipulated protective order, and the Court presumes that Defendants will comply with their obligations absent evidence to the contrary.

**D.  Scope**

Plaintiff argues: "The dispute here is not whether Plaintiff has responded [to Defendants' discovery requests], but rather the scope and extent of what Defendants seek to compel through blanket authorizations for medical and mental health records.  This is fundamentally a question of proportionality and privilege, not a failure to respond warranting the drastic remedy of compelled releases."  [Dkt. 46 at 18.]

The Court does not understand what Plaintiff means by this statement.  This discovery dispute falls squarely within the Court's power to compel more complete responses to interrogatories and requests for production.  Questions about privilege, proportionality, and scope are commonly addressed through motions to compel, and the Court discerns no procedural irregularity in Defendants' discovery motion.  Plaintiff himself does not provide any case law supporting his argument.  *See United States v. Davis*, 29 F.4th 380, 385 n. 2 (7th Cir. 2022) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").  Accordingly, the Court finds this argument unpersuasive.

10

## IV. Conclusion

For the reasons explained above, Defendants' motion to compel is **GRANTED**.

[Dkt. 43.]

Plaintiff is **ORDERED** to provide complete and unequivocal responses to Interrogatories 6 and 9 and Requests for Production 4, 7, and 17 to include information and documents regarding his medical and psychotherapy records, dated on or after April 11, 2022, and to execute releases for Defendants to obtain his medical and psychotherapy records dated on or after April 11, 2022. **Plaintiff shall file a Notice of Compliance with this order on or before July 8, 2026.**[2]

If Defendants wish to seek attorney fees relating to this motion, they shall file a motion for fees **within 21 days of the issuance of this Order**.

SO ORDERED.

Dated:  24 JUN 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[2] If Plaintiff has no psychotherapy records for this time period, as he suggests in his response brief, then there is no need for him to release non-existent records, but it is clear from the briefing that he has medical records for this time period that are relevant to the issues he asserts in this case.

11