UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| IVAN PARAMANANDAM, Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-00567-JRS-MJD |
| NEXSTAR MEDIA INC., TIMOTHY SANDERS, Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel Discovery from Defendant Timothy Sanders and Rule 37-1 Certification. [Dkt. 68.] Plaintiff seeks to compel Defendant "to provide complete, substantive responses to *Plaintiff's First Set of Interrogatories* and *First Request for Production of Documents*[.]" *Id.* at 1. For the reasons explained below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff Ivan Paramanandum is suing his former employer for unlawful discrimination on the basis of race, sex, and retaliation. [Dkt. 1-1.] He also brings state claims for promissory estoppel and defamation. *Id.*

Plaintiff served Defendant Sanders with his first set of requests for production ("RFP") and interrogatories on June 8, 2026. [Dkt. 68 at 1.] Sanders served his responses on July 8, 2026. *Id.* After Plaintiff filed this motion—contending that Sanders failed to produce responsive

documents to his RFP's and failed to answer or provide complete answers to certain interrogatories—Sanders supplemented his responses. [Dkt. 76 at 1.] After Sanders supplemented his responses, Plaintiff's narrowed their requests to the following: (1) Compel Sanders to serve complete supplemental responses to RFP No. 5; (2) compel Sanders to serve complete supplemental answers to Interrogatories Nos. 2, 13, 14, 15, and 16; and (3) compel Sanders to produce financial information relevant to his financial condition and ownership interests to aid in assessing his ability to satisfy a punitive-damages award. [Dkt. 76 at 1, 6.]

The relevant discovery requests and responses are as follows:

> **RFP No. 5:** Provide a copy of your federal and state income tax returns for tax years 2024 and 2025.
>
> > *Answer:* Objection. Sanders objects to this Request because it seeks information that is not relevant to the claims or defenses of the parties. *Sommerfield v. Knasiak*, 967 F.3d 617, 625 (7th Cir. 2020) ("[S]anctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not who he is."). Based on this objection, Sanders will not produce documents in response to this Request.
> >
> > *Supplemental Response (Aug. 26, 2026)*: As explained during the parties' Rule 37-1 conference on August 12, 2026, Sanders objects to this Request as premature and irrelevant at this state of the litigation, as it seeks his income tax returns for purposes of assessing his ability to pay any damages award Paramanandam may receive. Although who the defendant is has no bearing on the assessment of damages, Sanders agrees to revisit this Request if the Court denies Defendants' summary judgment motion in whole or as to the claims against Sanders.

[Dkt. 75-3 at 21–22.]

> **Interrogatory No. 2:** For the period beginning the date it was announced you would be promoted to General Manager (not the date you were officially promoted), describe in detail the circumstances of the departure from the Farmersburg station of all black employees, including:
>
> (a) Their identity (please see instructions for the definitions of "identity")'
> (b) The respective dates of their departure;
> (c) The respective reason for their departure;
> (d) Whether the respective individual completed an exit interview form.

**Answer**: Objection. Sanders objects to this Interrogatory to the extent it is overly broad, vague and ambiguous and seeks information that is not relevant to the claims or defenses of the parties. Specifically, this Interrogatory seeks information regarding the departure of "black employees" and Plaintiff never identified himself as a black employee. Therefore, Plaintiff cannot draw a similarly-situated comparison with any black employee who worked at the Farmersburg station. Based on these objections, Sanders will not answer this Interrogatory.

**Interrogatory No. 13:** Describe in detail the compensation you receive, including:

(a) Your Salary;
(b) Any commissions you earn;
(c) Any stock options you receive and the value of those stock options as of the present date;
(d) The amount of any bonuses you received in 2025; and
(e) Any other form of compensation such as a company vehicle, company cell phone.

**Answer**: Objection. Sanders objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of the parties. *Sommerfield v. Knasiak*, 967 F.3d 617, 625 (7th Cir. 2020) ("[S]anctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not who he is."). Based on this objection, Sanders will not answer this Interrogatory.

**Interrogatory No. 14:** Are you married? If so, please provide the full name of your spouse, and describe whether she works or not. If she works, please provide the name of her employer, and the salary she earns.

**Answer**: Objection. Sanders objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of the parties. *Sommerfield v. Knasiak*, 967 F.3d 617, 625 (7th Cir. 2020) ("[S]anctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not who he is."). Based on this objection, Sanders will not answer this Interrogatory.

**Interrogatory No. 15:** List all real estate you own, either separately or jointly with other owners, including your spouse, or business partners, and include:

(a) The address and physical location of the real estate;
(b) The appraised value such [*sic*] real estate as of May 28, 2026, as determined by your property taxing entity;
(c) The percentage of your ownership or legal interest in the real estate;
(d) The identity of any lien or mortgage holders of such real estate.

**Answer**: Objection. Sanders objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of the parties. *Sommerfield v. Knasiak*, 967 F.3d 617, 625 (7th Cir. 2020) ("[S]anctions should be based on the

> wrong done rather than on the status of the defendant; a person is punished for what he does, not who he is."). Based on this objection, Sanders will not answer this Interrogatory.

**Interrogatory No. 16:** List all motor vehicles that you own, either jointly or individually, including the make, model, and model year of the vehicle and the current milage on each vehicle.

> **Answer**: Objection. Sanders objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses of the parties. *Sommerfield v. Knasiak*, 967 F.3d 617, 625 (7th Cir. 2020) ("[S]anctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not who he is."). Based on this objection, Sanders will not answer this Interrogatory.

[Dkt. 75-4 at 7, 16–18.]

## II. Legal Standard

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021). Information is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The burden "rests upon the objecting party to show why a particular discovery request is improper," and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043164, at *2 (S.D. Ind. Mar. 4, 2019).

## III. Discussion

Plaintiff's motion is resolved by answering two questions: (1) Is the departure of black employees from the Farmersburg station relevant to a claim or defense of the parties, and (2) is Sanders' or his wife's financial information discoverable at this point in the case? The Court will address each question in turn.

### A. Information on departure of black employees (Interrogatory No. 2)

Interrogatory No. 2 seeks information regarding "the circumstances of the departure from the Farmersburg station of all black employees" that occurred after Sanders' promotion to General Manager was announced. [Dkt. 75-4 at 7.]

Sanders argues that "the treatment of Black employees—individuals outside of [Plaintiff]'s protected class—has no bearing on the claims and defenses at issue in this lawsuit." [Dkt. 75 at 19.] Plaintiff argues that the information he seeks is relevant "to Plaintiff's claims of race discrimination and Plaintiff's ability to establish comparators, pretext, and a pattern or practice of discriminatory conduct" because "evidence of how an employer treats other minority groups in its 'employment policy and practice may be helpful to a determination of whether' the employer's actions 'conformed to a general pattern of discrimination.' " [Dkt. 69 at 16] (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792. 805 (1973)).

Plaintiff brought his claim of race discrimination under 42 U.S.C. § 1981. [Dkt. 1-1 at 16–17.] To prove his claim, Plaintiff must show: "(1) membership in a protected class, (2) an adverse employment action, and (3) causation," "which requires that race or national origin be a motivating factor in defendant's challenged employment decision." *Koehler v. Infosys Techs. Ltd., Inc.*, 181 F.4th 769, 782 (7th Cir. 2026) (cleaned up). Plaintiff's ability to establish comparators and pretext and his ability to establish a pattern or practice of discriminatory

conduct involve two different theories of proving his race discrimination claim. Establishing comparators and pretext is pertinent to *McDonnell Douglas*'s three-part burden-shifting framework, 411 U.S. at 802–03, while establishing a pattern or practice of discriminatory conduct is pertinent to the pattern-or-practice of discrimination theory, which is conventionally used in class actions, not individual claims. *Koehler*, 181 F.4th at 781–82.

Sanders' objection specifically focuses on the fact that "Plaintiff never identified himself as a black employee," such that "Plaintiff cannot draw a similarly-situated comparison with any black employee who worked at the Farmersburg station." [Dkt. 75-4 at 7.] A similarly-situated comparison is employed under the *McDonnell Douglas* framework to develop comparator evidence for use in making a prima facie case and at the pretext stage.[1] *Abayomi v. Collins*, 182 F.4th 587, 594–595 (7th Cir. 2026). But Plaintiff does not rely on any specific legal theory to plead his race discrimination claim. Nor is he required to. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). Accordingly, the relevance of the information sought in Interrogatory No. 2 is determined according to "the only question that matters: when looking at the evidence as a whole, 'whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action.' " *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022) (quoting *Ortiz v.*

---

[1] Under the *McDonnell Douglas* framework, a plaintiff establishes a prima facie case of race discrimination for failure to promote by establishing that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he was rejected for the position sought; and (4) the position was granted to a person outside the protected class who is similarly or less qualified. *Cunningham v. Austin*, 125 F.4th 783, 788 (7th Cir. 2025). If a plaintiff establishes his prima facie case, then "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* (cleaned up). "If an employer does so, the burden shifts back to the employee to show why the employer's explanation is pretextual." *Id.* (cleaned up).

*Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)); *see also Wilson v. AIM Specialty Health*, 176 F.4th 977, 983 (7th Cir. 2026) ("Under [*Ortiz*], we place all evidence in a single pile and evaluate it as a whole to determine whether the employer would have taken the same action had the plaintiff had a different race or ethnicity, and everything else had remained the same.") (cleaned up).

When reviewing Plaintiff's request against the holistic approach endorsed in *Ortiz*, it is hard to argue that information regarding the departure of minority employees coinciding with Sanders' promotion to general manager is not relevant to whether Plaintiff, himself a minority employee, was discharged by Sanders due to his race. The Court, therefore, **GRANTS** Plaintiff's motion to compel; Defendant Sanders shall provide a complete and unequivocal response to Interrogatory No. 2 **within ten days of the date of this order**.

**B. Sanders' financial information (Interrogatories Nos. 13–16 and RFP No. 5)**

Interrogatories Nos. 13–16 and RFP No. 5 each make a request for some form of financial information from either Sanders or his spouse. Plaintiff states that he seeks this information to aid in developing his punitive damages claim. [Dkt. 76 at 5–6.]

It is undisputed that a defendant's financial condition is relevant to the punitive damages claim. *Finch v. City of Indianapolis*, 2011 WL 2516242, at *3 (S.D. Ind. June 23, 2011) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269–70 (1981)); *see also Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996) ("[P]laintiffs who are seeking punitive damages often present evidence of the defendant's wealth."). Sanders concedes that his financial information "*may* become relevant" "[i]f [Plaintiff] survives summary judgment, prevails at trial, and demonstrates he is entitled to punitive damages," but argues that it is irrelevant at this stage in the case "when Plaintiff has only asserted but not demonstrated his entitlement to punitive damages." [Dkt. 75 at

19.] Sanders further argues that his 2024 and 2025 tax returns (requested in RFP No. 5) are not relevant for any punitive damages assessment, even if other of his financial information is. *Id.* Sanders also contends that Interrogatory Nos. 13–16 seek personal information—"Sanders's wife's occupation and compensation, Sanders's compensation . . . , his property ownership, and his asset ownership"— that "would not necessarily reflect information sufficient to assess a punitive damages award." *Id.*

A defendant's current net worth is relevant to a punitive damages claim. Consequently, Plaintiff would need that information prior to trial. However, only Sanders' current assets and liabilities are relevant to Plaintiff's punitive damages claim. *U.S. v. Autumn Ridge Condominium Ass'n, Inc.*, 265 F.R.D. 323, 328 (N.D. Ind. 2009). District courts "addressing this issue have concluded that financial records over approximately the past two years [are] sufficient to establish a defendant's current net worth." *Id.* at 329 (collecting cases). Therefore, Plaintiff's request for Sanders' 2024 and 2025 tax returns in RFP No. 5 is appropriate. So are Plaintiff's requests in Interrogatories Nos. 13, 15, and 16.

Interrogatory No. 14, however, is not relevant. It seeks information regarding Sanders' wife's financial condition, namely her occupation and salary. [Dkt. 75-4 at 17.] Financial information concerning Sanders' wife, apart from what the couple may own jointly, is not relevant to Sanders' financial condition. Therefore, Interrogatory No. 14 is not an appropriate discovery request.

While Plaintiff's requests for Sanders' financial information in RFP No. 5 and Interrogatories Nos. 13, 15, and 16 are generally appropriate discovery requests, the Court finds that they are premature at this stage in the case. Though Sanders' financial information is relevant to the assessment of punitive damages, Plaintiff has provided no reason why such

information is needed now as opposed to a later time when necessary to prove punitive damages. *See John Does I–IV v. Yogi*, 110 F.R.D. 629, 633 (D.D.C. 1986) (declining to order production of a defendant's financial information "until necessary to prove up punitive damages"); *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (same); *Rupe v. Fourman*, 532 F.Supp. 344, 350–51 (S.D. Ohio 1981) (same). Therefore, the Court will permit discovery of Sanders' financial information, as requested in RFP No. 5 and Interrogatories Nos. 13, 15, and 16, **but Sanders is not required to produce the information until** a motion for summary judgment has been ruled on.

Accordingly, Plaintiff's motion to compel Defendant to serve complete supplemental response to Interrogatory No. 14 is **DENIED**; Plaintiff's motion to compel Defendant to serve complete supplemental responses to RFP No. 5 and Interrogatories Nos. 13, 15, and 16 is **GRANTED** as explained above. Defendant Sanders shall prepare complete and unequivocal responses to RFP No. 5 and Interrogatory Nos. 13, 15, and 16 by no later than **October 29, 2026**. If Defendant Sanders does not file a motion for summary judgment as to Plaintiff's punitive damages claim, then Defendant Sanders shall produce those responses to Plaintiff on or before **November 16, 2026**. If such a motion for summary judgment is filed, and should Plaintiff's punitive damages claim survive that motion for summary judgment, Defendant shall produce those responses to Plaintiff no later than **two business days following the summary judgment ruling**.

If Defendant Sanders is required to produce his responses to RFP No. 5 and Interrogatory Nos. 13, 15, and 16 pursuant to this order, Plaintiff is hereby authorized to re-open the deposition of Defendant Sanders; however, such re-opened deposition is limited to an examination regarding Defendant Sanders' responses to RFP No. 5 and Interrogatory Nos. 13, 15, and 16.

Plaintiff may conduct the re-opened deposition of Defendant Sanders after the close of discovery, so long as that deposition is completed **within fourteen days** of Defendant Sanders' production of his responses to RFP No. 5 and Interrogatory Nos. 13, 15, and 16.

SO ORDERED.

Dated: 14 SEP 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.